921 So.2d 1030 (2006)
SUCCESSION OF Michael N. ALLEN.
No. 2005-CA-0745.
Court of Appeal of Louisiana, Fourth Circuit.
January 4, 2006.
*1031 Charles A. Snyder, Sheila L. Moragas, Milling Benson Woodward L.L.P., New Orleans, LA, for Appellant.
Robert Angelle, Baton Rouge, LA, and Michael G. Gaffney, New Orleans, LA, for Appellee.
(Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS JR., Judge LEON A. CANNIZZARO JR.).
TERRI F. LOVE, Judge.
This appeal arises from a Rule to Determine Status of Property hearing, wherein the trial court ruled that the double located at 2820-22 St. Thomas Street was the separate property of Michael Allen. For the reasons stated below, we affirm the judgment of the trial court.

STATEMENT OF CASE AND PROCEDURAL HISTORY
Decedent, Michael Allen ("Allen") and Appellant, Barbara Washington ("Washington"), lived together prior to marrying on May 17, 1974. Three days prior to the marriage, Allen purchased a double located at 2820-22 St. Thomas Street in New Orleans. Washington was not involved in the purchase of the property. Allen and Washington resided in one side of the double and their daughter, Appellee, Michele Allen Perkins ("Perkins") resided in the other side of the double. Allen died on August 8, 2001 and a Petition for Probate of Notarial Testament was filed on December 12, 2001. The last will and testament bequeathed an undivided one-third interest to Washington and the couple's two daughters, Perkins and Jacqueline Allen Braxton, with a life usufruct to Perkins.
On November 10, 2004, Perkins filed a Rule to Determine Status of Property. Washington argued that the double was community property and all payments on the mortgage were paid with community funds. Further, she argued that the closing cost and security deposit were borrowed from a family member and repaid with community funds and that she later contributed money that she inherited toward improvements to the property. Perkins asserted that there was no evidence in the record to establish the nature of funds utilized to pay either the down payment or mortgage.
After a hearing on the matter, the trial court determined that the double was Allen's separate property and this appeal followed.

STANDARD OF REVIEW
The trial court's legal conclusion that the double was Allen's separate property is reviewed on appeal de novo. A de novo review requires this Court to examine the entire record and render a judgment on the merits. In re Succession of Moss, 2000-62 (La.App. 3 Cir. 6/21/00), 769 So.2d 614.

LAW AND ANALYSIS
La. C.C. art. 2325 defines the matrimonial regime as "a system of principles and rules governing the ownership and management of the property of married persons as between themselves and toward third persons." Further, "[a] matrimonial regime may be legal, contractual, or partly legal and partly contractual." La. C.C. art. 2326. There is a presumption in the law that all married persons living in Louisiana are under the legal regime of acquets and gains (community property).
*1032 However, married persons are also given the opportunity to establish another regime other than the legal regime of acquets and gains during the first year after moving into and acquiring a domicile in this state. Spouses may enter into a matrimonial agreement without court approval. Spouses are also free to establish by matrimonial agreement[1] a regime of separation of property or modify the legal regime as provided by law. La. C.C. art. 2328. Moreover, spouses may enter into a matrimonial agreement before or during marriage for all matters that are not prohibited by public policy. La. C.C. art. 2329
Under Louisiana law, property is characterized as either community or separate. La. C.C. art. 2335. Property acquired during the existence of the community is presumed to be community, but either spouse may rebut the presumption and prove the separate nature of the property. La. C.C. art. 2340. The classification of property as separate or community is fixed at the time of its acquisition. Robinson v. Robinson, 99-3097 (La.1/17/01), 778 So.2d 1105; Smith v. Smith, 95-0913 (La.App. 1 Cir.12/20/96), 685 So.2d 649.
Pursuant to La. C.C. art. 2338, community property is comprised of:
property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.
Conversely, La. C.C. art. 2341 provides a person's separate estate is comprised of:
property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.
La. C.C. art. 2343.1 establishes how separate property becomes community property:
The transfer by a spouse to the other spouse of a thing forming part of his separate property, with the stipulation that it shall be part of the community, transforms the thing into community property. As to both movables and immovables, a transfer by onerous title must be in writing and a transfer by gratuitous title must be made by authentic act.
In Jones v. Jones, 611 So.2d 193 (La. App. 4th Cir.1992), Jones purchased a piece of property prior to marrying Seidler. Seidler petitioned for a partition of the community. In particular, Seidler argued that the property purchased by Jones prior to their marriage had become *1033 community property as she had invested her community labor and funds into the property. This Court found that the record supported a finding that the property "changed classification from separate property to community property as a result of a pattern of commingling and treating the property as a community asset throughout the marriage." Id. The Jones record included evidence that Seidler rendered architectural services and provided other labor associated with renovating the property. Moreover, Jones conceded that he treated the property as partially Seidler's because she planned to marry him and live in the house and there was a joint account established after the parties married that was used for the property.
The Jones case was replete with evidence of commingling separate and community funds. Conversely, the record in the case at hand is absent evidence establishing a pattern of commingling. More importantly, there were not any documents in the record to support Washington's assertions that the mortgage was paid with community funds and the borrowed money for the closing costs and security deposit was repaid with community funds. Thus, without any evidence of commingling of funds or a transfer by title, the property purchased by Allen before the marriage was his separate property.
Lastly, Washington argued that she contributed funds to the down payment and that later she used money she inherited to make improvements to the property.[2]

DECREE
For the abovementioned reasons, the judgment of the trial court is affirmed.
AFFIRMED.
CANNIZZARO, J., concurs in the result with reasons.
CANNIZZARO, J., concurs in the result with reasons.
I concur with the majority, but I write separately to state that I would not distinguish Jones v. Jones, 611 So.2d 193 (La. App. 4th Cir.1992), from the case at bar. The Jones case is an anomaly that was, apparently, decided on an equitable basis, and I do not think that it is an accurate statement of the law. See 16 La. Civil Law Treatise Matrimonial Regimes §§ 3.49 and 7.16, n. 3 (2d ed.1997). As the majority correctly states, the classification of property as separate or community is fixed at the time of its acquisition. Robinson v. Robinson, 99-3097 (La.1/17/01), 778 So.2d 1105. To change the status of separate property to community property, there must be a written transfer. La. C.C. art. 2341.1. There is no such transfer in the instant case, and the property acquired prior to marriage by Mr. Allen remained his separate property until his death.
NOTES
[1] Matrimonial agreement is a contract establishing a regime of separation of property or modifying or terminating the legal regime. La. C.C. art. 2328.
[2] As the trial Judge noted, Washington may have a claim for reimbursement from Allen's separate estate. However, that issue is not before this Court